Mathews v. State.

WILLARD V. MATHEWS v. STATE OF NEBRASKA.

FILED FEBRUARY 15, 1923. No. 23012.

ERROR to the district court for Douglas county: CHARLES LESLIE, JUDGE. Affirmed.

McCarty & Hager, for plaintiff in error.

Clarence A. Davis, Attorney General, W. C. Dorsey and Jackson B. Chase, contra.

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, DAY and FLANSBURG, JJ., SHEPHERD, District Judge.

PER CURIAM.

While he was president of the Pioneer State Bank of Omaha, defendant was indicted by the grand jury in Douglas county and by that body charged with embezzling $300,000 belonging to the bank. The first count of the indictment charged defendant with the embezzlement of $200,000; the second count charged the embezzlement of $75,000; and the third count charged the

embezzlement of $25,000. February 20, 1922, defendant pleaded guilty to the embezzlement of $200,000 as charged in the first count. The two remaining counts, on motion of the attorney general, were dismissed. The pronouncement of judgment, and sentence of defendant, under his plea of guilty, were postponed by agreement until March 6, 1922. On that date he was sentenced to serve a term in the penitentiary of not less than one year nor more than ten years. Pursuant to the sentence defendant is now serving the term imposed by the court.

About five months after entering his plea of guilty, namely, August 8, 1922, defendant filed in this court a petition in error, alleging that the court erred in refusing to sustain his motion to quash the first count of the indictment which was filed by him in the district court October 26, 1921.

The principal ground of the motion to quash, to which our attention is now directed, is that the law under which defendant was indicted and sentenced, namely, section 8658, Rev. St. 1913, was repealed without a saving clause February 25, 1921, by the adoption of chapter 297, Laws 1921, and more particularly section 6 of that chapter, now section 8047, Comp. St. 1922.

The question presented by defendant was considered by us and disposed of, adversely to his contention here, in *Lower v. State, ante,* p. 590. The present case is controlled by our decision in that case. The petition in error is therefore denied, and the judgment of the trial court is

AFFIRMED.